IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SUNBEAM PRODUCTS, INC. ET AL.,

        Plaintiffs,                   13cv0313 Erie
                                                  **ELECTRONICALLY FILED**

        v.

LIBERTY MUTUAL INSURANCE
COMPANY ET AL.,

        Defendants.

## Memorandum Order on Motion for Remand

**I.    Introduction**

This is a breach of contract action brought by Plaintiffs Sunbeam Products, Inc. ("Sunbeam") and Seco/Warwick Corporation (hereinafter jointly referenced as "Seco"),[1] against two insurers, Liberty Mutual Insurance Company ("Liberty Mutual") and National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union"), for the insurers alleged unlawful denials of insurance coverage to Plaintiffs for asbestos-related claims made against it.

This case was originally commenced in the Court of Common Pleas of Crawford County by Plaintiffs. Although Plaintiff Sunbeam is not incorporated in Pennsylvania, nor it does it have its principal place of business in Pennsylvania, Plaintiff Seco *was* incorporated in Pennsylvania. Defendant, Liberty Mutual is also not a Pennsylvania corporation, but the second named Defendant, National Union *is* incorporated in Pennsylvania. Therefore, Plaintiffs filed this case in state court, on the basis that there was no diversity of citizenship because there were "Pennsylvania," parties (Pennsylvania corporations) on each side of the aisle.

---

[1] According to the Complaint, Sunbeam sold 100% of its stock to a corporation that is now operating under the name of Seco/Warwick. Doc. No 1-3 at ¶¶13-15.

1

Defendant Liberty Mutual (with consent of National Union), however, promptly filed a notice of removal under 28 U.S.C. § 1332 on the basis of diversity of citizenship, and argues in support thereof that Seco "fraudulently joined," National Union in an effort to defeat diversity of citizenship (and thus federal court jurisdiction) and, therefore, this case is properly before this Court. Doc. No. 1. Next, National Union filed a motion for judgment on the pleadings, which is also pending before this Court. Doc. No. 5. Finally, Plaintiffs filed the instant Motion to Remand this case to state court (doc. no. 8), pursuant to 28 U.S.C. § 1447(c) on the basis that Defendants[2] have not met their heavy burden of persuasion that joinder was fraudulent.

## II.     **Discussion**

Because federal district courts have limited jurisdiction, the removal statutes are strictly construed against removal. *E.g., American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951); *Batoff v. State Farm Ins. Co*, 977 F.2d 848, 851 (3d Cir. 1992) (citations omitted); *LaChemise Lacoste v. Alligator Co.*, 506 F.2d 339 (3d Cir. 1974). All doubts as to substantive and procedural jurisdictional prerequisites must be resolved in favor of remand. *E.g., Abels v. State Farm Fire & Casualty Co.,* 770 F.2d 26, 29 (3d Cir. 1985); *Sterling Homes, Inc. v. Swope*, 816 F. Supp. 319, 323 (M.D. Pa. 1993). The removing defendant bears the heavy burden of persuading the Court to which the state action was removed that it has jurisdiction under the removal statutes. *Batoff*, 977 F.2d at 851; *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991).

Removal is strictly a statutory right and the procedures to effect removal must be followed. *Lewis v. Rego Co.,* 757 F.2d 66, 68 (3d Cir. 1985). Removability is to be determined "only by reference to the plaintiff's initial pleadings," *Swope,* 816 F. Supp. at 323 (citations

---
[2] Although the notice of removal was filed only by Liberty Mutual, because National Union consented to said filing, the Court will refer to Defendants in the plural form where applicable.

2

omitted), at the time of filing the petition for removal. *Abels,* 770 F.2d at 29.

The United States Court of Appeals for the Third Circuit set forth in *Boyer,* the following well established principles with regard to an issue of fraudulent joinder:

> Because a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists, a removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity of jurisdiction has a 'heavy burden of persuasion." *Steel Valley [Auth. v. Union Switch and Signal Div*., 809 F.2d 1006, 1012 n.6 (3d Cir. 1987)] (*quoting B., Inc. v. Miller Brewing Co*., 663 F.2d 545, 549 (5th Cir. 1981)).
>
> This court has recently stated that joinder is fraudulent "where there is *no reasonable basis in fact or colorable ground* supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Abels,* 770 F.2d at 32 . . . A district court must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff. . . . "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Coker v. Amoco Oil Co*., 709 F.2d 1433, 1440-41 (11th Cir. 1983).

*Boyer,* 913 F.2d 111 (emphasis added; some citations omitted). *See also Providers of Northeast Pennsylvania, Inc. v. Maxicare Health Plans, Inc*., 677 F.Supp. 302, 304 (M.D. Pa. 1987) ("the removing party must demonstrate either `that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.' . . . In short, this court must examine whether, in the event that the case were remanded to state court, there is any possibility that plaintiffs could establish a cause of action against [defendant]. In other words, the district court's inquiry is whether there is any possibility that plaintiffs could succeed in state court against a dispositive motion filed by [defendant].").

The motives of plaintiff are irrelevant in determining whether plaintiff's joinder of a resident defendant was "fraudulent" in order to defeat jurisdiction. The Supreme Court of the

3

United States has held that,

> in a removal proceeding the motive of a plaintiff in joining defendants is immaterial . . . . [W]here there is [ ] prima facie joint liability, averment and proof that resident and nonresident tortfeasors are jointly sued for the purpose of preventing removal does not amount to an allegation that the joinder was fraudulent, and will not justify a removal from the state court.

*Mecom v. Fitzsimmons Drilling Co., Inc*., 284 U.S. 183, 189 (1931); *see also Abels,* 770 F.2d 32 ("[t]he fact that the plaintiffs' motive for joining a Doe defendant is to defeat diversity is not considered indicative of fraudulent joinder"); *Moorco Int'l v. Elsag Bailey Process Automation*, 881 F.Supp. 1000, 1006 (E.D.Pa. 1995) ("there is nothing improper about formulating and executing an effective litigation strategy, including selecting the most favorable forum for the client's case. Thus . . . joinder cannot be deemed fraudulent because [plaintiff] finds it advantageous to pursue . . . claims in . . . state court").

In *Boyer,* the United States Court of Appeals for the Third Circuit held that "where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the Court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses. Instead, that is a merits determination which must be made by the state court." *Id.* at 113.

Indeed, it is improper to conflate the failure to state a claim ("merits") challenge with the lack of jurisdiction challenge; the two issues are not the same. The United States Court of Appeals, in *Batoff,* 977 F.2d 848, 851, squarely rejected the mixing of the appropriate standard for assessing claims of fraudulent joinder with the standard for determining whether plaintiff has stated a claim under Fed.R.Civ.P. 12(b)(6):

> [W]hile the [district] court did not characterize its analysis as being the same as it would make on a ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), that is exactly what it was. But *the inquiry into the validity of a complaint triggered by a motion to dismiss under 12(b)(6) is more searching than that permissible*

4

*when a party makes a claim of fraudulent joinder.* Therefore, it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted . . . . [T]he district court erred in converting its jurisdictional inquiry into a motion to dismiss.

*Batoff,* 977 F.2d 852 (emphasis added). *See also Stanley v. Exxon Corp.,* 824 F.Supp. 52, 53-54 (E.D.Pa. 1993) ("In the removal context, the court's inquiry into the validity of a claim against a non-diverse defendant is *less probing than that undertaken in the context of a motion to dismiss*. Regardless of whether such a claim will ultimately fail to state a cause of action, fraudulent joinder exists only if the claims against the non-diverse defendant are so devoid of merit as to be 'wholly insubstantial and frivolous.') *Batoff v. State Farm Insurance Company*, 977 F.2d 848, 852 (3d Cir. 1992)." (emphasis added).

As aptly stated most recently by colleague, United States Magistrate Judge Cynthia Reed Eddy, in *Allison v. Chesapeake Energy Corp.,* 2013 WL 787257, *7 (W.D. Pa. 2013):

> The defendant's right to remove is determined according to the plaintiff's pleading at the time of the petition for removal. *Angus v. Shiley*, 989 F.2d 142, 145 (3d Cir.1993); *see also*, *Merit care*, 166 F.3d at 217 . . . The district court's inquiry must focus on facts that existed at the time the complaint was filed. *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir.2009)["Federal diversity jurisdiction is generally determined based upon circumstances prevailing at the time the suit was filed."].
>
> Accordingly, courts considering a motion for remand "must focus on the plaintiff's complaint at the time the petition for removal was filed," and "must accept as true all factual allegations in the complaint." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.1987). The court "also must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Batoff*, 977 F.2d at 852.

2013 WL 787257 at *7.

Echoing the principals set forth by United States of Appeals for the Third Circuit, *In re Briscoe*, 448 F.3d 201 (3d Cir. 2006), and in *Boyer*, in the *Allison* case, Magistrate Judge Eddy repeated that:

> [T]he district court must take care not to stray too close to the merits. This point was emphasized in *Boyer,* which held that it was improper for the district court to reach the merits of the otherwise colorable claims against the non-diverse defendants, and that the district court, ' in the guise of deciding whether the joinder was fraudulent, stepped from the threshold jurisdictional issue into a decision on the merits.

2013 WL 787257 at *7.

As stated in its notice of removal, Liberty Mutual cites the following factual allegations in the Complaint:

38. On information and belief, the standard terms and conditions of CGL policies issued at the time of the National Union policies would not have included an asbestos exclusion.

39. National Union's policies, in the absence of an **applicable** asbestos exclusion**,** obligate it to defend and indemnify Seco/Warwick in connection with the Underlying Asbestos Lawsuits.

Doc. No. 1 and 1-3. (emphasis added).

Also, in its Reply to New Matter, Plaintiffs allege waiver and estoppel claims against National Union. ("National Union is precluded from denying coverage on the basis of the exclusions by . . . the doctrines of waiver and estoppel."). Doc. No. 1-9 at p. 4.

However, according to National Union's Answer and New Matter, the policies at issue do, in fact, contain asbestos exclusions that bar coverage, and therefore, according to Defendants, "there is no reasonable basis in fact or no colorable ground," supporting the claim made against National Union, the sole non-diverse defendant in this matter. Doc. No. 1 at ¶ 17.

Without straying too far into a merits based analysis, which Defendants seemingly invite this Court to do (see doc. nos 21 and 24), at the time of the removal petition, Plaintiffs' claim against National Union cannot be said to be "wholly insubstantial and frivolous," nor is there "no reasonable basis in fact or colorable ground," supporting the claim against National Union, or no real intention in good faith to prosecute the action against National Union.

As Plaintiffs emphasize, the following factual issues are raised in Plaintiffs' Complaint: that Plaintiffs did not have copies of the National Union policies; that after Seco tendered various asbestos claims to National Union, National Union did not "provide the wording of the alleged [asbestos] exclusion or any evidence of the exclusion," and that, "National Union has failed to substantiate that its claims that its policies contain asbestos exclusions." Doc. No. 1-3 at ¶¶31, 32, and 40. Moreover, National Union did not provide what it now contends are complete copies of the policies until it filed its answer and new matter. According to Seco, under the circumstances plead in the Complaint, it is entitled to discovery on whether its policies include valid asbestos exclusions, or at a minimum, whether the documents actually issued and delivered by Nation Union to Seco included the purported "Asbestos Exclusion Endorsement," and whether Seco accepted said endorsement as a limitation on the covered issued by National Union to Seco at the time.[3]

---

[3] Plaintiffs attach a declaration of Louis Stack, Seco's General Counsel, and a series of letters sent by National Union, which further amplifies the allegations in the Complaint, which Plaintiffs claim may be considered under the "limited consideration" of extrinsic materials discussed in *In Re Briscoe*, 448 F.3d 201, 220 (3d Cir. 2006). Defendant does not challenge the assertions contained in the affidavit, or the letters, but rather states that "even when all inferences are drawn in [Seco's] favor, these letters cannot reasonably be said to support the inference that the National Union policies did not include asbestos exclusions." Although it would appear that these documents may be considered by the Court in its analysis, the Court does not rely on the declaration as its basis for granting the Motion to Remand because it is not necessary to a resolution of the issues herein.

Just as this Court will not delve too heavily into Defendants view(s) of the merits of the underlying dispute, the Court also will not state definitively that Plaintiffs are entitled to discovery on the applicability or inapplicability of the alleged asbestos exclusion. Decisions about the sufficiency or insufficiency of the Complaint in the context of a Motion to Dismiss (or its state counterpart) are to be made by the Court of Common Pleas of Crawford County, the Court who maintains proper jurisdiction over this matter.

The Court only notes that Plaintiffs have set forth factual allegations, and accompanying material, establishing under the jurisdictional threshold that joinder was not fraudulent. Under the exacting and "heavy" burden of persuasion borne by Defendants in this case, who sought removal to this Court, the Court will not "step into" a factual inquiry to determine the merits of this dispute. Rather, the Court is constrained to accept the factual allegations of the Complaint (and other responsive pleadings), and to focus its analysis on whether there is a reasonable basis in law or fact or colorable ground supporting the claim against National Union. The answer to that question is in the affirmative, and this Court's analysis must end there.

### III. Conclusion

For these reasons, Plaintiffs' Motion to Remand (doc. no. 8) is GRANTED; and Defendant National Union's Motion for Judgment on the Pleadings/for Summary Judgment (doc. no. 5) is DENIED AS MOOT (and without prejudice). This cause of action shall be remanded to the Court of Common Pleas of Crawford County, Pennsylvania, FORTHWITH.

**SO ORDERED** this 19th day of November, 2013.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties